David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Hope Boddy*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HOPE BODDY, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15** |
| CORELOGIC TELETRACK, | **U.S.C. § 1681, ET SEQ.** |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Hope Boddy ("Plaintiff"), by Plaintiff's attorneys, brings this action against CORELOGIC TELETRACK ("Corelogic" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. CoreLogic regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. CoreLogic is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### CoreLogic Failed to Respond to Plaintiff's Written Dispute

9. In an CoreLogic credit report dated November 11, 2020, CoreLogic reported inaccurate information regarding Plaintiff's credit history.

10. Specifically, CoreLogic reported three tradeline accounts showing that Plaintiff had outstanding balances owed despite Plaintiff's personal liability for these accounts having been discharged in bankruptcy.

11. Additionally, CoreLogic reported four incorrect and inaccurate addresses for Plaintiff that are not associated or related to Plaintiff and CoreLogic listed four inquiries in Plaintiff's consumer file that appear to have been obtained without authorization or a permissible purpose.

12. On or about February 5, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed this inaccurate and incorrect information reported by CoreLogic, in writing, instructing CoreLogic to correct or delete this inaccurate and incorrect information ("Dispute Letter").

13. The Dispute Letter included Plaintiff's full name, phone number, date of birth, social security number, and driver's license number for identification purposes.

14. In addition, the Dispute Letter identified each disputed tradeline by referencing the full creditor name and account number, along with a detailed written description of the inaccurate and incorrect information contained in the tradeline.

15. Plaintiff also attached the following documents to the Dispute Letter: (a) the CoreLogic's credit disclosure report upon which the disputes were based; (b) Plaintiff's filed Bankruptcy Petition (including court identification and case number); (c) Plaintiff's driver's license; (d) Plaintiff's Social Security card; and (e) a recent utility bill.

16. Plaintiff mailed the Dispute Letter to CoreLogic via US Mail

17. Upon receipt of the Dispute Letter, CoreLogic was required to conduct an investigation into the disputed information pursuant to 15 U.S.C. § 1681i and inform the furnishers of information about the nature of Plaintiff's disputes.

18. CoreLogic failed to investigate the disputes raised by Plaintiff in the Dispute Letter and failed and/or failed to provide Plaintiff with the results of CoreLogic's "reinvestigation" as required by 15 U.S.C. § 1681i(a)(6).

19. Instead, CoreLogic sent a nonsensical response (seen below), dated February 17, 2021, in which it demanded Plaintiff send "additional information," informing Plaintiff that it will not process Plaintiff's request until Plaintiff provides a description of the "disputed items" and the "reason for dispute,"

along with "Acceptable Data to Identify a Dispute Item", including but not limited to: Account Name and Number, Loan Company Name and Loan Number, Address, Phone Number, Employer Name, Court Name, Case Number, and Complete Name.

> **CoreLogic Teletrack**
>
> 02-17-2021                                                                 Ticket#: T00031369-0
>
> **More Information Request Form**
>
> You have requested a Dispute Filing from CoreLogic Teletrack.
>
> In order to process your request, please complete and return this form along with any other requested information using the contact information provided below as soon as possible.
>
> **1. Dispute Information**
> In order to process your request to dispute information contained on your consumer report, we need additional information from you. Please use the table below and provide the information for each item you want to dispute and return this form.
>
> Acceptable Data to Identify a Dispute Item include but are not limited to: Account Name and Number, Loan Company Name and Loan Number, Previous Address, Phone Number, Employer Name, Court Name and Case Number, Complete Name
>
> | Dispute Items | Reason for Dispute |
> |---|---|
> |  |  |
> |  |  |
> |  |  |

20. There is no legitimate reason or excuse why CoreLogic sent its "More Information Request" form to Plaintiff other than avoid its obligations

because Plaintiff had already provided the information CoreLogic requested in Plaintiff's Dispute Letter.in a clear and unambiguous fashion.

21. Significantly, CoreLogic did not articulate or explain why additional information was required or how the information provided by Plaintiff was insufficient, lacking or otherwise insufficient for CoreLogic to conduct its investigation.

22. Rather, in an apparent scheme to hinder or deprive Plaintiff of Plaintiff's rights under the FCRA or in a willful attempt to avoid its obligations to investigate Plaintiff's disputes, CoreLogic sent Plaintiff a request for information, requesting information that Plaintiff had already provided. It appears as if CoreLogic did not even read Plaintiff's Dispute Letter, let alone commence an investigate into the inaccuracies and incorrect information disputed therein.

23. CoreLogic's actions constitute a negligent or willful violation of 15 U.S.C. § 1681i(a)(1), (4), (6) by failing to provide a timely written reinvestigation report to the Plaintiff regarding CoreLogic's of the results of its investigation into the disputes raised by Plaintiff.

24. Indeed, CoreLogic failed to provide Plaintiff any evidence of any investigation it conducted into the disputes raised in the Dispute Letter,

instead demanding Plaintiff send duplicative information already submitted by Plaintiff. CoreLogic therefore shirked its duties under the FCRA.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

25. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a).

27. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

28. Upon receipt of the Dispute Letter, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

29. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

30. Also as a result of Defendant's failure to correct its continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to her creditworthiness, and emotional distress.

31. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

32. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

33. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

34. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 13, 2021

                Respectfully submitted,

By   /s/ David Krieger, Esq.
      David Krieger, Esq.
      Nevada Bar No. 9086
      Shawn Miller, Esq.
      Nevada Bar No. 7825
      KRIEGER LAW GROUP, LLC
      2850 W. Horizon Ridge Parkway
      Suite 200
      Henderson, Nevada 89052
      Phone: (702) 848-3855
      Email: dkrieger@kriegerlawgroup.com
      Email: smiller@kriegerlawgroup.com